UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DAVID LAWRENCE )
)
V. ) NO. 2:16-CV-144
)
THOMAS L. GREER, MARLIN THOMAS, )
BUTLER REESE, UNKNOWN EMPLOYEE, )
GEORGE T. WRIGHT, and THOMAS TODD )
GRAYSON )

REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636 and by Order of Reference [Doc. 4]. Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court does not have subject matter jurisdiction. The Court can have jurisdiction by either the diversity statute, *see* 28 U.S.C. § 1332, or the federal question statute, *see* 28 U.S.C. § 1331.

The diversity statute, 28 U.S.C. § 1332, provides that district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties..." 28 U.S.C. § 1332(a).

Mr. Lawrence is a resident of the State of Tennessee. It appears from the complaint that all of the defendants are also residents of Tennessee. Defendants Thomas, Reese, and the "unknown employee" are purportedly employees of defendant Thomas

Greer. Defendants Wright and Grayson are lawyers residing and practicing in Mountain City, Tennessee.

The Complaint [Doc. 2] asserts that "the bank," presumably Farmers State Bank, wrongfully foreclosed on plaintiff's real property in March of 2013. The plaintiff attached the trustee's deed from the foreclosure sale as Doc. 2-1. It indicates that Defendant Wright, as trustee under a deed of trust from the plaintiff to him, sold the property to Farmers State Bank on March 22, 2013. The complaint indicates that at some point, defendant Greer acquired the plaintiff's former real property. The gravamen of the complaint is that on an unstated date, "Thomas Greer's employees shot across the state road towards me." [Doc. 2, pg. 2]. Also, it alleges that defendant Wright wrongfully foreclosed on the property, and that defendant Grayson "changed the right-of-way through the farm." *Id*. The plaintiff's prayer for relief "seeks justice" against the defendants. *Id*. at pg. 3. It is undisputed that there is not complete diversity, for the plaintiff and all the defendants are all citizens of the State of Tennessee.

This case follows on the heels of a previous suit filed by the plaintiff in this Court, *Lawrence v. Farmers State Bank*, *et. al*, No. 2:15-cv-137 (E. D. Tenn. 2015). That case alleged that Elizabethton Federal Savings Bank, the co-defendant, negligently cashed some of the plaintiff's Social Security checks, which in turn caused the plaintiff to default on an indebtedness owed to the Farmers State Bank secured by his real property, which led to the foreclosure sale. As this Court stated in the order dismissing the plaintiff's case:

2

Case 2:16-cv-00144-HSM-MCLC   Document 5   Filed 06/03/16   Page 2 of 4   PageID #: 23

> In a civil action, a federal district court has limited jurisdiction. The only possible bases for jurisdiction which could apply to this case are found in 28 U.S.C. § 1331 and 1332. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332, in pertinent part, states that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different states;…" If one of these bases is not present, then this Court would have no authority to render a decision. Moreover "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1244 (2006).

*Id.* at [Doc. 21 pg. 2].

In the prior case, this Court found that all defendants were alleged to be Tennessee residents, and thus there was no basis for diversity jurisdiction. With respect to any basis for finding a federal question under Section 1331, this Court stated that the causes of action stated in the complaint were conversion, negligence, and wrongful foreclosure. There was no nexus to "laws" of the United States other than the negligent cashing of the Social Security checks. Finding no authority on that basis for federal court jurisdiction, the suit was dismissed.

As stated above, there is an allegation of assault by shooting towards plaintiff across a state highway by employees of defendant Greer, wrongful foreclosure by defendant Wright, and the changing of a right-of-way by defendant Grayson in some fashion. Under Title 28 United States Code section 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When there is no diversity of citizenship, there must be a federal question to support jurisdiction. *Caterpillar Inc. v. Williams*, 482

3

U.S. 386, 392 (1987). As in the prior case, none of these causes of action arise "under the Constitution, laws, or treaties of the United States…" as is required by Section 1331 to confer federal question jurisdiction upon this Court.

All of the events described in the complaint allegedly took place between Tennessee residents. No federal actor was involved, nor was any federal law implicated. It appears to this Court that it lacks subject matter jurisdiction over any of plaintiff's claims. Accordingly, it is respectfully recommended that the case be DISMISSED. [1]

Respectfully submitted:

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).